IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES LAMONT NORWOOD
a/k/a CHELSY NORWOOD,

          Petitioner,

v.

WILLIAM POLLARD, JAMES
MUENCHOW, DONALD STRAHOTA,
WAUPUN CORR. INST. AND DANE
COUNTY COURTHOUSE,

          Respondents.

ORDER

Case No. 14-cv-646-bbc

      In a September 29, 2014 order, I granted petitioner Charles Norwood a/k/a Chelsy Norwood's[1] request for leave to proceed without prepayment of the filing fee in this habeas corpus action on the condition that she prepay the amount of $1.93 by October 20, 2014. Instead of submitting her initial partial fee, petitioner has submitted a motion for reconsideration of the September 29 order. In her motion, petitioner says that 100% of her income is being taken to pay for filing fees she has incurred in this court. Petitioner's request for reconsideration will be denied.

      The court of appeals has held that even in cases in which the PLRA did not apply, a litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible. *Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). Further, the court has said that "putting 20% of one's available balance (or average monthly income) towards this legal obligation is not an undue burden on filing a suit or taking an appeal." *Id.*

---

[1] At petitioner's request, the court will refer to her using female pronouns.

The trust fund account statement petitioner submitted with her habeas petition shows that in the six-month period immediately preceding the filing of this case she had received deposits into her account

Under 28 U.S.C. §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think that she falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Petitioner's immediate shortage of income is not sufficient by itself to allow me to conclude that she lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In *Newlin v. Helman*, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

In measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about her future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate petitioner's initial partial payment on the basis of information she provided with her inmate account statement at the time of filing. This statement shows that for the six-month period immediately preceding the filing of the habeas corpus petition, that petitioner received some deposits to her account. Petitioner's statement also shows that income she received was automatically deducted. However, that does not

mean that petitioner will be unable to make the payment she has been ordered to pay in this case. Initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts. *Walker v. O'Brien*, 216 F.3d 626, 628 (7th Cir. 2000) (initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that petitioner has other debts and obligations does not prevent her from using new deposits to make the initial partial payment that she has been assessed in this case. Therefore, petitioner's request to waive the $1.93 partial filing fee is denied. However, I will give her additional time until October 28, 2014 to submit her initial partial payment.

If, by October 28, 2014, petitioner is unable to pay the initial partial payment, I will consider that she has withdrawn this action and she will not owe a filing fee. Petitioner should show a copy of this order to prison officials to insure that they are aware they should send her initial partial payment to this court.

ORDER

IT IS ORDERED that petitioner Charles Norwood a/k/a Chelsy Norwood's motion for reconsideration of the order assessing petitioner an initial partial payment for this action, dkt. #6, is DENIED.

Entered this 10th day of October, 2014

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge